

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00080-CR

---

JORGE ORDONEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3812-1707, Honorable Kregg Hukill, Presiding

---

June 27, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Jorge Ordonez, appeals from the trial court's judgment adjudicating him guilty of possession of a controlled substance[1] and sentencing him to eighteen months of confinement. The reporter's record was originally due April 10, 2025, but we granted the reporter an extension to May 12 to file the record due to her caseload. However, the record was not filed by that date. By letter of May 20, 2025, we notified the reporter that

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

the record was overdue and directed her to advise this Court of the status of the record by May 30. The reporter has not filed the record or had any further communication with this Court to date.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1) what tasks remain to complete the filing of the reporter's record;

(2) what amount of time is reasonably necessary for the completion of those tasks; and

(3) whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by July 28, 2025.

Should the reporter file the record on or before the date the trial court acts per our directive, she shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.